IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSEPH LABOR,

    Petitioner,                                                    Case No. 2:14-cv-299

   v.

ICE, IMMIGRATION,                        JUDGE GEORGE C. SMITH
                                                                       Magistrate Judge Kemp

    Respondent.

REPORT AND RECOMMENDATION

This case is before the Court to consider Respondent's motion to dismiss for lack of jurisdiction. (Doc. 8). For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the motion be **GRANTED,** and that this action be **DISMISSED.**

I. BACKGROUND

On March 31, 2014, Petitioner, Joseph Labor, then a prisoner at the Butler County Jail located in Hamilton, Ohio, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging his detention pending removal from the United States to Sierra Leone. (Doc. 1). In particular, Petitioner argued that his detention pending removal contravened 8 U.S.C. §1231(a)(6) and violated his due process rights as set forth in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In his prayer for relief, Petitioner requested that this Court order his release and place him on supervised release.

On April 4, 2014, this Court construed Petitioner's trust fund account statement as a motion for leave to proceed *in forma pauperis* and granted that motion. (Doc. 3). In

addition, the Court ordered Respondent to file its answer under Rule 5(a), Rules Governing Section 2254 Proceedings, within twenty (20) days.  On April 24, 2014, Respondent filed its answer and return.  (Doc. 8).  Petitioner filed a "Reply to Answer" in response on May 5, 2014.  (Doc. 5).  Thereafter, Respondent filed a reply in support of its answer and return (Doc. 6), and Petitioner filed a sur-reply (Doc. 7).

On June 5, 2014, Respondent filed a motion to dismiss for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) (Doc. 8), stating that this Court lacks subject matter jurisdiction because Petitioner was released from custody on May 30, 2014.  Evidence attached to the motion to dismiss demonstrates that Respondent indeed released Petitioner from custody and placed him on supervised release pending removal.  On this basis, Respondent asserts that the petition is moot and therefore ripe for dismissal.  No opposition has been filed.

## II. ANALYSIS

It is well established that federal courts may only adjudicate live cases or controversies.  *Hall v. Beals*, 396 U.S. 45, 48 (1969).  Consequently, federal courts lack jurisdiction to consider a case when it has "'lost its character as a present, live controversy' and thereby becomes moot."  *Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009), quoting *Hall*, 396 U.S. at 48.  "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id.*, quoting *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983).

"Several courts have determined that where an alien is released from ICE

custody pending removal from the United States, 'his petition for relief under *Zavydas* is moot.'" *Patel v. Streiff*, 2008 WL 748396, *2 (S.D. Ala. Mar. 18, 2008), quoting *He v. Gonzales*, 2006 WL 1687796, *1 (W.D. La. May 1, 2006); *see also Abdalla v. Ashcroft*, 2004 WL 2315089, at *2 (W.D.N.Y. Oct. 14, 2004) ("As, however, Petitioner does not dispute he was released from administrative custody on January 30, 2004, the instant petition no longer presents a case or controversy pursuant to Article III, § 2 of the United States Constitution"), adopted by *Abdalla v. Ashcroft*, 2004 WL 2491646 (W.D.N.Y. 2004).

Here, Petitioner has not filed any opposition to Respondent's motion and thus has not disputed that he was released from custody. Based on the foregoing, the Court finds that the petition no longer reflects a present, live controversy, and it is, therefore, moot. Consequently, the Court will recommend that Respondent's motion to dismiss (Doc. 8) be granted, and that this case be dismissed.

### III. CONCLUSION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the motion be **GRANTED** (Doc. 8)**,** and that this action be **DISMISSED** as moot**.**

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed

findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp
United States Magistrate Judge